**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DARRYL ALEXANDER | : | |
| Plaintiff | : | |
| v | : | Civil Action No. DKC-07-1069 |
| KATHLEEN GREEN, EVANS and MILNER | : | |
| | : | |
| Defendants | : | |

o0o

## MEMORANDUM

Pending is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 10. Plaintiff has filed a Response in Opposition to the motion. Paper No. 12. Upon review of the papers filed, the court finds a hearing in this matter to be unnecessary. *See* Local Rule 106.5 (D. Md. 2004). For the reasons that follow, the motion, which shall be construed as a motion for summary judgment, will be granted.

**Background**

Plaintiff claims Defendants failed to protect him from a violent attack on September 11, 2006, by a fellow inmate, Sean Furr. Paper No. 1. Plaintiff maintains Defendants knew that he and Furr should not have been in the same housing unit because of a previous fight. Plaintiff seeks monetary damages for his physical injuries.

Defendants admit that, as of September 11, 2006, Plaintiff and Furr were both serving disciplinary segregation sentences for an altercation occurring on August 27, 2006. Paper No. 10 at Ex. 3-6, p. 5. Both men were observed punching each other, but backed away from each other after a second command to "back it up" was given. *Id*. Furr then charged at Plaintiff, requiring use of pepper spray to stop the assault. *Id*. Plaintiff was found guilty of fighting with another inmate

at an institutional disciplinary hearing held on September 6, 2006. *Id.* at p. 2. Plaintiff offered no plea and did not testify at the hearing. *Id.* Five days later, Furr attacked Plaintiff again.

At the time of the second attack, both men were assigned to segregation and were required to be handcuffed and escorted to the recreation area to shower. When Furr's handcuffs were removed, he attacked Plaintiff, who was still handcuffed behind his back. Furr would not abandon his assault on Plaintiff when he was verbally ordered to do so, requiring staff to use two shots of pepper spray to subdue him.

Defendants claim that Furr was not on Plaintiff's enemy list on September 11, 2006, nor had an order been issued to keep the two apart. Paper No. 10 at Ex. 1. They reason the officers who escorted the men to the recreation area were not forewarned that such an assault could occur. Paper No. 10 at p. 8. They claim that in the August 27, 2006, fight, Plaintiff was the aggressor. *Id.* Defendants further explain that names are not placed on enemies lists without an investigation beforehand, a necessary step because of the housing implications that occur when an enemy list is created. *Id.*

Plaintiff claims Furr was uncuffed before he was because Plaintiff had exchanged words with Defendant Evans prior to the event. Paper No. 12 at pp. 4–5. Plaintiff alleges that Evans knowingly placed him in the recreation area with Furr in retaliation for the verbal exchange. *Id.* at p. 5. Plaintiff denies that Defendant Milner was not present during the assault on September 11th and maintains that Furr should have been listed as his enemy after the August 27, 2006, fight. *Id.*

Defendants contend that Plaintiff has failed to exhaust administrative remedies. On November 2, 2006, Plaintiff filed a complaint through the ARP process concerning this event. The

complaint was administratively dismissed pursuant to DCD 185-101 for being untimely. Paper No. 10, ex. 5 at 1. Plaintiff did not appeal the Warden's decision.

Plaintiff does not dispute his failure to exhaust administrative remedies, but rather asserts that pursuing an appeal of the denial of his initial complaint would have been useless since monetary damages are unavailable. Paper No. 12. at pp. 5– 6. Finally, Plaintiff asserts that Warden Green should be held responsible because she knew about the August 27, 2006, assault but did not take steps to insure Plaintiff and Furr were kept apart. *Id.* at p. 6.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her

favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court has an obligation to ensure that factually unsupported claims and defenses do not go to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U. S. 317, 323-24 (1986)).

### Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005). It is undisputed that Plaintiff filed an untimely request for administrative remedy. *See* Paper No. 10 at Ex. 5. Plaintiff claims he did not appeal the dismissal of his request as untimely because monetary damages would not be available. Paper No. 12 at p. 5. Plaintiff's failure to pursue administrative remedies cannot be excused by the unavailability of the remedy sought.

> All available remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.

*Anderson*, 407 F. 3d at 677.

In addition to his failure to appeal the dismissal of his request, the administrative remedy Plaintiff filed did not include his claim that Defendant Evans maliciously set up a confrontation between Plaintiff and his assailant. Thus, no attempt was made to exhaust that portion of Plaintiff's claim.

## Conclusion

Defendants have properly raised the exhaustion issue and Plaintiff has failed to refute the allegation. Defendants are entitled to summary judgment in their favor. A separate Order follows.

  September 27, 2007                              _____/s/_____
Date                                                              DEBORAH K. CHASANOW
                                                                        United States District Judge